May it please the court, the admonition of the voice was to remain calm which would have presumed that I was calm to begin with. I was in a chronology and I was nearly finished and so I won't repeat the entire chronology which of course is in the record. The point being that there was a foreclosure started in 2013, a bankruptcy in 2014, 10 months into the bankruptcy case we're at confirmation and it's the first time that Class 7 Deutsche Bank makes an appearance other than the notice of appearance. And they object to specifically the 12-month limitation upon their ability to foreclose. Judge Kristol finds the plan to be fair and equitable and orders confirmation. September 21, 2015 the confirmation order is entered. It becomes final and non-appealable on October 7th. I may have been off by day, it may have been October 6th, but it was around there. It was the 14th or 15th day after entry of the order. Under the terms of the plan there was a defined effective date and on the effective date Deutsche Bank had total and complete relief from automatic stay to complete the foreclosure. And that was November 20th of 2015. So three months after that Deutsche Bank filed a motion for relief from stay in which they specifically recognized that they had a problem with the 12-month issue. And the judge gave them, I'll call it a comfort order, stay relief because they already had stay relief. And then three months after that they asked for dismissal of the bankruptcy case at DE 768. And in their request for dismissal, it's the only part of the record I'd like to read in, two paragraphs. Deutsche Bank says, the plan provided that, I'm sorry I'm reading from DE 768 at paragraph 2. The plan provided that Deutsche Bank shall receive no payment under the plan but shall retain whatever in-rem rights it has against the property. The plan further provided, if the claimant in this class does not complete its pending foreclosure proceedings on or before the first day of the 12-month after the effective date, its claim shall be deemed satisfied and its liens shall be extinguished and satisfied of record by order of the bankruptcy court in recordable form to be filed in the public records of Miami-Dade County. Deutsche Bank may seek an extension of the 12-month limit herein for good cause shown before the expiration. They define that in the motion as the foreclosure deadline provision. Next paragraph. Deutsche Bank joins in the U.S. Trustee's motion to dismiss and further requests that in the event the motion to dismiss is granted and an order is entered dismissing this Chapter 11 case without entry or discharge, that the order also include a provision vacating the terms of the confirmation order with regards to the treatment of Deutsche Bank's Class 7 claim, including the foreclosure deadline provision and confirming it upon dismissal of the Chapter 11 case, the foreclosure deadline provision is null and void. Deutsche asserts that such relief is appropriate since the plan provided for no payment to Deutsche Bank by the debtor and the foreclosure deadline provision constitutes a material impairment of its state law remedies that should not remain in effect if the debtor's Chapter 11 case is dismissed. At a non-evidentiary hearing, Judge Kristol heard Mrs. Bankovic's request to convert to Chapter 7 and granted without making any findings. And that's entered on docket 513 of 16. A month later, the Chapter 7 trustee abandoned all the assets of the estate back to Mrs. Bankovic. 11-19-16 was the end of the 12-month period following the effect of the five months after abandonment and no motion to extend time, no appeal. So what makes this final, non-appealable, clear and unambiguous confirmation order? Can I ask you something? Is your adversary proceeding in the bankruptcy court? You filed it in the bankruptcy court, right? That's correct, Your Honor. And the bankruptcy court has equitable jurisdiction, correct? It has limited equitable jurisdiction. But it has equitable jurisdiction? Yes, Your Honor. Okay, thank you. Go ahead. Actually, I'm out of time. Good morning, Your Honor. May it please the court, I'm Jeffrey Robin. I represent the appellee Deutsche Bank. Deutsche Bank had the ability to complete its foreclosure without time restriction. This is because the plan provision governing the default of the underlying obligations of Mrs. Bankovic provided no time restriction for Deutsche Bank to proceed with its foreclosure. Didn't it say that it had to conclude its foreclosure? Excuse me? I'm sorry, I couldn't hear you. Didn't it say that it needed to conclude the foreclosure proceedings? The exact language was as follows, Your Honor. If the bankruptcy court determines that there are material defaults under the plan, the case shall be converted to a case under Chapter 7. Upon conversion to a Chapter 7, any unpaid creditors, including Class 7, shall have full and complete relief from the automatic stay of 11 U.S.C. Section 362A to exercise their in-rem rights against whatever collateral secures their claim. But was Deutsche Bank still an unpaid creditor at that time? Yes. Since the foreclosure date had passed? Correct. They were an unpaid creditor. But why? If the mandated foreclosure date had already passed, why wasn't the lien excised? The default under the plan occurred on – the admitted default by Ms. Bankovic was on May 9, 2016, when she admitted that she defaulted under the plan and did not substantially consummate the plan obligations. When she filed a motion in the bankruptcy court to convert her case, there was a stated admission. That was May 9, 2016. The plan effective date was several months earlier, November 20, 2015. So ostensibly, if you're going to enforce the one-year limitation, Deutsche Bank would have had to complete its foreclosure by November 20, 2016. But because the default provision was triggered, that 12-month time limitation was no longer enforced. That's only if the default provision was triggered with respect to the entire plan. If – I mean, if the plan is divisible, it seems like Ms. Bankovic did all of the things she was required to do with respect to Deutsche Bank before she defaulted. Why is that not so? Well, she didn't because her obligations were none. She didn't have – she didn't have any obligations as to Deutsche Bank. She didn't substantially consummate the entire plan as a whole. And you can't just pick and choose which parts of a contract you want to perform under and then decide to gain the benefits of other – Well, sometimes you can, actually. It depends on if it's divisible or not, if it's – if you can segregate out parts of the contract. And the question is whether she performed everything as it relates to Deutsche Bank. And my recollection of the record is that she did with respect to what her obligations were with respect to Deutsche Bank. That she made the property available for you all to foreclose on. And you all just had the obligation to conclude the proceedings before the end of the year. And if you weren't able to do so, all you needed to do was go into court and seek an extension. That's right, Your Honor. Why didn't you all seek an extension? Because at the hearing on the motion to dismiss the adversary proceeding, Judge Kristol deleted the 12-month time limitation. He had deleted it, and he had retained jurisdiction to do so. He retained jurisdiction to enforce his own prior order. In fact, the plan afforded broad jurisdiction reservation to make such orders as are necessary and appropriate to carry out the provisions of the plan, to correct any defect, cure any omission, or reconcile any inconsistency in the plan or confirmation order as may be necessary to carry out the purposes and intent of the plan and to determine and resolve defaults under the plan. Your Honor, Ms. Bankovich didn't have any obligations to Deutsche Bank. All Deutsche Bank had was its right to foreclose its secured lien. And that 12-month time limitation also had – Deutsche Bank could have gone into the bankruptcy court and asked for a good cause extension. But by virtue of the default provision triggering because of her underlying breach and failure to substantially consummate her plan and made no payments to Deutsche Bank, that default provision was triggered. Thus, the 12-month limitation was eliminated. And Judge Kristol announced on the record in the bankruptcy court that he deleted the provision, mainly because Ms. Bankovich can't reap the benefits of a bankruptcy reorganization plan while concurrently reaping the benefits. It was equity jurisdiction. Correct. He had – not only did he retain jurisdiction to resolve and interpret his own prior orders, which, Your Honor, in the 11th Circuit case of Inouye Kachkar, in that case, the court – that Inouye Kachkar was from this year, in 2019, and it stems from this exact same bankruptcy proceeding. And the 11th Circuit found that the bankruptcy court plainly has jurisdiction to interpret and enforce its own prior orders. And the bankruptcy court retained that jurisdiction to interpret and enforce its own prior orders. And so it had the jurisdiction to modify the Chapter 11 bankruptcy plan provision requiring a 12-month foreclosure timetable and eliminated it to effectuate the purpose and intent of the plan. Is there a transcript of the hearing on the motion to dismiss the adversary proceeding? Yes, Your Honor, there is. I believe Judge Kristol announced at that hearing that he would be deleting that time period. What was the date of that hearing? If you don't have it readily, that's fine. I know the order granting summary judgment was May 22, 2017, and that order was in favor of Deutsche Bank. The hearing was, I believe, about a week prior to that. So at some point in May of 2017. I'm sorry, I don't have the exact date. It looks like May 4th, perhaps. May 4th. I don't know for sure, but that sounds correct. So in addition, Your Honor, not only did the state court enter a final judgment, which was effectively one year and five months from the date of the original confirmation of the plan. So you're talking about a five-month period. There would be no prejudice to Ms. Bankovich for that additional five-month delay, particularly where she contested the foreclosure and asked for a stay of the foreclosure so that she could prosecute her adversary case. So in addition to asserting multiple counterclaims and 14 affirmative defenses in the foreclosure, that was all part of the reason why the foreclosure consumed more time than anticipated. But nothing stopped you from asking for more time. I mean, nothing stopped you from asking the bankruptcy court for more time to complete the foreclosure. And respectfully, Judge, I was not counsel in the bankruptcy court. I don't mean you personally. I'm just saying you, Deutsche Bank. Right. They could have, but I think it doesn't matter in this instance because of the default. Except that the default provision to me seems not to make any sense the way that you want to read it because what it says is that if the plan is not confirmed, then the automatic stay will be lifted. But the automatic stay had already been lifted to you. So it can't be lifted again. I mean, the stay had already been lifted to you. And when I say you, I mean Deutsche Bank. I don't mean you personally. And you had already had the opportunity to go ahead and begin foreclosure proceedings. There was nothing that she was doing that was preventing you from doing so. And so she had upheld her entire end of the bargain as it relates to Deutsche Bank. Is there anything that you can identify that she did not do as it relates to Deutsche Bank as of the time that she conceded that she wasn't going to be able to comply with the plan? No, because there were no obligations of Ms. Bankovich. I mean, all we had was our right to foreclose and protect our lien. And the automatic stay, I believe, well, there was an order granting stay relief in the bankruptcy case. Right, but you, meaning Deutsche Bank, nothing, the automatic stay was not in place with respect to Deutsche Bank as it relates to foreclosure before the confirmation plan fell through. Isn't that right? I don't, yeah, I think that is right. I think we didn't have stay relief. No, you did have stay relief. That's how you were able to, that's how you were able to go ahead and seek foreclosure. No, because the foreclosure was filed well before the bankruptcy. The foreclosure was filed in 2013. The state foreclosure began well before the bankruptcy. Right, but what I mean is that's how you were able to pursue it under the plan, is there was no automatic stay in place. You wouldn't have been able to pursue it if there had been an automatic stay in place, right? Right. Okay, so you would agree with me that before she breached the plan that there was no automatic stay as it pertained to Deutsche Bank? I don't know about that, Judge, because I think that there was an order that Judge Kristol entered granting stay relief post-confirmation. Okay, so just to make sure I'm understanding Deutsche Bank's position, it's Deutsche Bank's position that they could not act under the plan before Judge Kristol entered the order after she defaulted on her confirmed plan. I don't think the plan speaks to that. I'm looking at the plan here. I mean, but really, I mean, I cannot imagine that the automatic stay was in place with respect to Deutsche Bank. That makes no sense. How in the world could you proceed with a foreclosure proceeding if the automatic stay were in place? Right, you couldn't. Right, and the whole point of the confirmed plan was to allow you, at least as it pertained to Deutsche Bank, was to allow you to proceed with the foreclosure proceeding, which you couldn't do if the automatic stay were in place. So the automatic stay could not have been in place from the time that the plan was signed off on and before it fell through, right? Because I'm reading the plan confirmation from Class 7, which is Deutsche Bank's mortgage lien, and it says, after the effective date, the claimant in this class may pursue whatever in rem rights it has against the Unit 1209 property, which is the subject property, and any rights it has against the debtor's spouse in any court of competent jurisdiction. But I don't see... Well, the plan would be meaningless as it pertains to Deutsche Bank if you couldn't pursue foreclosure, right? Right. Okay. And you had a year to do it from the time that they signed off on the plan, so that means the automatic stay could not have been in place or else you couldn't have pursued foreclosure, right? Right. Okay. So the point is then the default provision did not... had no function as it related to Deutsche Bank because you already had received relief from the automatic stay. That's if you're deciding to carve out one obligation under the plan and ignore the fact that she admitted she defaulted under the plan as to other creditors. So if you're taking that, if you're deciding to do that, then you would have to enforce part of a defaulted plan against one creditor to the detriment of another. So, but I guess my question is why shouldn't it be divisible when there's nothing that she didn't fulfill with respect to Deutsche Bank specifically? I don't know what obligations she had as to Deutsche Bank. She didn't have any. All we had was our right to proceed with foreclosure. We did so in a manner consistent which we thought was the default provision which didn't require us to go back to the bankruptcy court and ask for more time. But then the bankruptcy court gave us that time anyway. I'm not saying that this is my view necessarily, but could you argue that the confirmation plan offered you partial relief from the automatic stay and then the default provision offered total relief? I think so. I think that certainly is cognizable based on exactly the factual pattern that we have here. You've also argued that even if we were to disagree with you on the relative meaning of the plans and their application, that there's mootness here, whether jurisdictional or equitable in nature. I'm not totally sure. But do you want to argue the mootness point so that counsel can respond to that? Sure. That would be the Rooker-Feldman argument regarding the fact that the state court judgment has already been entered. The property has already been judicially sold. There were defenses raised by Ms. Bankovich in the foreclosure relating to time limitation, statute of limitations. Oh, so she appeared in the ultimate foreclosure? Yes, Your Honor. It wasn't just a summary foreclosure? No, this was a contested heavily litigated foreclosure. Oh, really? I missed that. Yes, it was a 14-count affirmative defense pleading asserted by Ms. Bankovich in addition to four counterclaims against Deutsche Bank. All those had to be adjudicated and it was heavily contested. It's not just Rooker-Feldman, right? I mean, that was certainly one argument, but wasn't the other argument that because she didn't provide the supersedious bond, there was no stay? And so, as often happens in bankruptcy proceedings, once the property is sold, it's sold? That's right, and the district court noted that gave her, she could have posted a bond to stay the foreclosure sale. She didn't do that, and additionally the court, then she went and asked for an additional reduced bond to stay the sale, and the court denied that. So she was denied her request for an additional stay based on her failure to post the original bond, which I believe was the total judgment amount, the total state court judgment amount. I think I've exceeded my time, Your Honor. Thank you, Counsel. Thank you. Counsel, why wouldn't the court have equity jurisdiction to do what it did here? Law v. Siegel. We are a Supreme Court. Equity cannot change the result of the statute. Okay, let me read you what Judge Krosthal did, and I want to make sure you actually appeal this issue. He says he's aware, well, he says lots of things, but let's say he says all the equities in this case are against the debtors. I'm reading from the March 4 hearing, excuse me, May 4 hearing. By virtue of failure to consummate the plan, it's appropriate to delete any time limit on the completion of the foreclosure. He said he'll grant the motion to dismiss the adversary proceeding. Debtor is not entitled to the benefits that come from being in the bankruptcy court without being responsible for the burdens. There's no dispute she didn't consummate the plan, and therefore the concept that they can eliminate the substantial mortgage as a result of the earlier proceedings would be totally inequitable, and he goes on and on. Then you file a motion for reconsideration of that order. He has another hearing, and he says there's evidence of mendacity, misrepresentation, and all the equities here are against the debtor, so why can't he, since he has jurisdiction over the plan, the whole bankruptcy, do this? Why does he lack authority to do it? 180 days after the entry of the confirmation order, Section 1144 prohibits vacating the confirmation order based on fraud, so they had a time limit to bring that, and the statute provides the headline. Well, but this wasn't a confirmation order of a plan. The plan never was implemented. Yeah, I see if the plan ultimately became the final plan, and then you're doing fraud to set aside the plan, but that's not what happened here. There was a conversion. I respectfully disagree, Your Honor. The plan was confirmed. The plan was confirmed. Right, it was confirmed. There's no final. That is the plan that's confirmed. The order confirming the plan became final and non-appealable. The statute provides you have 180 days after the entry of a confirmation order to seek to set it aside. That wasn't done. So we have a final, non-appealable, clear, unambiguous order. Why would anybody seek to set it aside if they think she's going to comply with it? If what happens when she doesn't comply with it? Your Honor, I wouldn't speculate on the why. That doesn't reopen the plan at all? She doesn't comply.  I'm not going under all that. Okay, I understand. There is no mention in the 348 of the code, which specifies what happens on conversion, and Rule 1019 specifies what happens on conversion. There's no mention in there of affecting a final, non-appealable order that was entered during the Chapter 11. So we have a final, non-appealable order with which the debtor complied as to this creditor. Well, she didn't comply with the whole plan. That's another issue, the divisible. I don't know what I think about that. But let's assume it's not divisible. She didn't comply. Okay. Couldn't the bankruptcy do it? Bankruptcy court modify the plan in the final resolution of the adversary proceeding, which is still within the bankruptcy court? No. Okay. I ask under what rule? 60B? Excuse me. I'm sorry, Your Honor. Take yourself out of this case In a different case, if the debtor simply carries out zero of their obligations under a plan, is there any remedy at all? Does the bankruptcy court have any power to do anything in that situation? I'm afraid I can't address the hypothetical that broadly. What we have... The answer's got to be yes, there's something, right? Well, the statute doesn't say so, and the rules don't say so. So if there's a 60B, now 1144 specifically cuts off 60B. I mean, the rules say you have these time limits, but not beyond 1144. So you have 180 days, and beyond the 180 days, no, there is nothing in the statute to undo a final non-appealable order that was entered in the Chapter 11 case. Were you counsel at the May hearing that we're talking about? I was counsel in the adversary proceeding, but I did not do the motion for re-hearing or the appeal to the district court. Was this argument raised at that point? The statutory argument you're making right now? Yes. I walked right... Same yellow pages I have here, same fingers stuck in the code. I thought you argued res judicata. That was what you were arguing. And it is, and it was. I'm reading the transcript. You're Mr. Gleeson. You're at the May 4 hearing, I think. I am, Your Honor. There's only a Mrs. Gleeson and a Mr. Gleeson. Mrs. Gleeson was not there, although I invited her to substitute for me today, but she declined. I'm sorry. Was there a pending question? Yeah, I have another. Well, I don't know if the answer is yours. Is that accurate? I just personally missed it. The state court foreclosure proceedings that are now final, were they counterclaims? Did you litigate those various counterclaims that Deutsche Bank couldn't do what they were doing because the one-year period had expired? I did raise that argument before the circuit court. Okay. And the circuit court, of course, that's not in the record, but the transcript of the circuit court, the circuit court judge said, I'm not going to do that here, but if the bankruptcy court does that, it's a different thing. Yeah, well, the bankruptcy court didn't do it either. And that's why we're here. We're appealing that. They didn't enforce. The bankruptcy court declined to enforce, that's basically what we have here, under the facts and circumstances of the case, given her, by the right or wrong material default, under the whole plan, not accepting any burdens, declined to enforce that one-year provision. The question is, did the bankruptcy court have authority to do that? No. Okay. Absolutely not. The bankruptcy court, you know, Judge Kristol famously- I see him modify plans all the time, but maybe I'm not looking at the right provision in the court code, the bankruptcy court. Well, the debtor has the right to modify a plan. The court doesn't. A party doesn't. Only the debtor does. And the conditions for modification of the plan were not met. So we couldn't have even modified the plan if we wanted to. And believe me, we tried. Let me ask you this. Why shouldn't we decide the plan was not divisible? Because the statute requires that the court find as to each class of creditors that they have either accepted the plan or that it is fair and equitable as to each class. So the code splits up the classes. And to take the contract analysis, if there's four parties who have a contract and only one party doesn't receive what they were supposed to on the contract, how does the party that received what they were supposed to complain for the party who didn't? And that's what we have here. Deutsche Bank got everything they were entitled to under the plan. And then they chose, for whatever reason, not to seek an extension. And I don't think it's because they thought, well, we don't need to do that. I think somebody dropped the ball. Now they're trying to figure out how to cover. So we have a clear, unambiguous order that they acknowledge three times on the record, in the transcript, and two filed pleadings where they say, we know about this deadline. It's coming up. I have to address the stay-relief issue. The code provides that upon confirmation, they have complete stay-relief. It's 362C, and it says, as soon as property is no longer property of the estate, there's no automatic stay. On confirmation, the property vested in the debtor. Therefore, no estate. Therefore, no automatic stay. So when we do a plan of reorganization, we do it against the code, the rules, the facts, the ballots. And 362 says, upon confirmation, it says, upon when property is no longer property of the estate, there's no automatic stay. Upon confirmation, property vested in Mrs. Bankovich. No estate. Therefore, no automatic stay. So the order they obtained after confirmation was totally a comfort order. It says in the motion that I agreed to it. Of course I agreed to it. Why would I waste my time going down and arguing against something they already had? Give them a comfort order. And so they had the full time. They knew this deadline approached. They received everything they were entitled to. Other classes also did, by the way. It's not like everybody got stiffed here. There were a couple classes that she wasn't able to raise seven-point-some-million dollars for one of the secured creditors, and she wasn't able to raise the two-and-a-half-million dollars for the unsecured creditors. What was the total amount of debt in bankruptcy? I thought it was $100 million. More like $125 million. Yeah, that's what I thought. But $120 million of that was to the FDIC. Well, that's their creditor, too. Oh, sure. But they're discharged. Let me ask you this. I tried to think of another way to look at this, because I like bankruptcy, actually, and I think it's very interesting. If you're right and they didn't foreclose, so the property would have to go to the estate. Is that correct? If you're saying they lost their lien, forget about everything and all these provisions of the plans. I'm just trying to follow where the property went. Okay. I'm sorry. Your question was over. They have a lien, and if their lien is extinguished, then the property went to the estate. The trustee then had the property. And then he abandoned it. Okay. So that's your theory of this case. It extinguished the lien, because you have to follow the property that you're trying to get back. You're trying to get it back, right? From whom are you trying to get it back? From Dorchbank, but you're also trying to get the bankruptcy court to get it back. If the one-year provision is no longer valid and they didn't have a right to foreclose, help me where the property went. It went to the trustee in the estate, right? It went from the estate in Chapter 11 to Mrs. Bankovich, to the bankruptcy trustee, and then back to Mrs. Bankovich. Because the trustee then abandoned the property. Correct. All right, so why wouldn't the bankruptcy court then have equitable jurisdiction to say, under all the circumstances here, where the trustee abandoned it on the basis that whatever, if you do your theory, which I know the bankruptcy court disagreed with, why couldn't you say it's inequitable? You wouldn't get it. I don't know who would get it, but you wouldn't get it. The bankruptcy, at most, it would go back to the estate. I disagree. That's not the remedy that would be appropriate. The estate has no interest in this property. You said the estate had an interest in the property because it had to abandon it. It went to the estate at some point. It did, and then the estate abandoned it, which is final. How did it abandon it? The bankruptcy trustee filed a notice of no assets, which has the effect of putting credit on notice that he's not going to administer assets under 544. Excuse me. There's an abandonment section, and that's 554. Was this property specifically included, named in that, or was it just a general statement? The trustee abandoned all property. Well, if the trustee knew he still had in the estate this home, he wouldn't abandon it, would he? Everybody would agree to that. I can't speculate. I know the trustee knew that this property was in there. It's listed in the schedules. So it's there. Yeah, but it's got a lien on it that everybody thinks is good. Until six months after he abandoned it, and then the lien went poof. Why isn't this case moot in any event since the property is already sold? Because there's still remedies that can be fashioned. I mean, the proceeds, they're not entitled to the proceeds if they foreclosed a mortgage that didn't exist, so proceeds should go to the debtor. And depending on who it is in title and whether they had notice, it's not the first time that a foreclosure sale has been set aside or a foreclosure judgment has been set aside after sale, so it's not a unique remedy. But there's remedies that can be fashioned. I think Your Honor rejected Rooker Feldman, which I would agree, but if there's any questions about that, I'm happy. I didn't necessarily say I rejected it, just that there are two different arguments. Ah, I see. Any other questions? I believe I'm over time. Thank you. Court is open. Recess.